

FILED

2015 MAR 24  AM 9: 14

WESTERN DISTRICT COURT
ERN DISTRICT OF TEXAS

BY_____
DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| HOPDODDY BURGER BAR INC. | § |
| | § |
| **Plaintiff,** | § |
| | § |
| | § |
| v. | § |
| | § |
| JAMES BLACKETER and ALL | § |
| NATURAL HAMBURGERS OF TULSA | § |
| #1 LLC and ALL NATURAL | § |
| HAMBURGERS OF TULSA #2 LLC | § |
| | § |
| **Defendants.** | § |

**A15CV0233 RP**

CIVIL ACTION NO. _____

**DEMAND FOR JURY TRIAL**

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Hopdoddy Burger Bar Inc. ("Plaintiff") files its Original Complaint against Defendants James Blacketer, and All Natural Hamburgers of Tulsa #1 and #2 LLCs ("Defendants"), and respectfully shows the Court the following:

### INTRODUCTION

1.      Plaintiff owns the renowned Hopdoddy Burger Bar ("HD") restaurants originating in Austin, Texas. Defendant James Blacketer is an Oklahoma "restauranter and entrepreneur" and co-defendants are entities he controls. On March 24, 2014 James Blacketer emailed Plaintiff as follows:

> *"It was good talking to you the other night. **I know you said that you were not interested in franchising Hopdoddy's** [nevertheless] ... **I hope to open discussion on [acquiring] a franchise of Hopdoddy's**".*

2.      Blacketer's proposal was declined. Notwithstanding the refusal, on or about August 2014 Defendants opened Hop Bunz Crafted Burgers & Beers ("HB") restaurant in Tulsa, Oklahoma. HB is an unauthorized clone of HD. Plaintiff seeks relief accordingly.

3.      This is a suit for unfair competition and trademark infringement under the Lanham Act, the corresponding Texas common law causes of action for same, copyright infringement under Title 17 of the United States Code[1], unjust enrichment and dismissal of Defendants' pending USPTO trademark application for HB, Serial No. 86358109. Plaintiff demands a jury trial on all issues.

## PARTIES

4.      Plaintiff is an Arizona limited liability company headquartered in Austin, Texas.

5.      Upon information and belief, Defendant James Blacketer is a resident of Oklahoma County, Oklahoma. Defendants All Natural Hamburgers of Tulsa #1 and #2 LLC are Oklahoma limited liability companies controlled by Mr. Blacketer and situated in Tulsa, Oklahoma.

## JURISDICTION & VENUE

5.      This Court has jurisdiction of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121; 28 U.S.C. § 1331 because Plaintiff's claims arise under Federal law and diversity jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2). All conditions precedent to filing this lawsuit have been met.

## FACTS

6.      Plaintiff owns the acclaimed HD restaurants established in 2010. There are now almost 10 HD restaurants spread throughout several states. Plaintiff advertises that, "Hopdoddy was created to express the perfect union of burgers and beer: handcrafted beer (Hop) + (Doddy), the nickname given to the native cow in Aberdeen, Scotland."

---

[1] The original work Hopdoddy Burger Bar Website has been duly filed with the U.S. Copyright Office. The 5th Circuit is an "application approach" jurisdiction for purposes of copyright registration. *Positive Black Talk Inc. v. Cash Money Money Records Inc.*, 394 F.3d 357 (5th Cir. 2004).

7.      HD possesses registered US trademarks (*See* Reg. Nos. 3951042, 4006353, 4149904), distinctive design décor, an idiosyncratic menu, unique trade dress, and an innovative service model. HD has received broad media attention for its high quality and originality.

8.      Defendant Blacketer initiated contact with Plaintiff on or around March 2014. These contacts included phone calls and emails wherein Blacketer expressly stated his desire to "franchise" an HD in Oklahoma.  Exhibit A.

9.      On or about March 2014 HD refused Defendant Blacketer's request to franchise the HD brand.  Exhibit A.

10.     On or about April 2014 Defendant Blacketer caused the Oklahoma entity All Natural Burgers of Tulsa #1 LLC to be formed.  On or about June 2014 Blacketer caused the Oklahoma entity All Natural Burgers of Tulsa #2 LLC to be formed.

11.     On or about August 2014 Defendants opened their first of two HB restaurants in Tulsa, Oklahoma. These establishments are self-franchised clones of HD.

12.     Actual consumer confusion between HB and HD arose almost instantaneously. For example, on August 14, 2014 Ms. Stephanie Reynolds of Owasso, Oklahoma posted on HB's Facebook page, "Do you also own Hopdoddys? I love that place. **Thank you for bringing it here *and not changing the menu*!!**" Exhibit B. Other documented examples of consumer confusion abound.

13.     Upon information and belief, prior to opening HB, Defendants or their agents meticulously and extensively gathered on-site information at HD in Austin, and took photographs and notes for purposes of recreating HD in Tulsa, Oklahoma.

14.     Upon information and belief, prior to opening HB, Defendants or their agents engaged third parties to fabricate, print, or otherwise recreate signature HD trade dress, design elements or copyrighted materials, for purposes of utilizing same in its HB restaurants.

15.     Upon information and belief, Defendants' primary goal in forming HB was to create a self-franchised facsimile of HD.

16.     <u>Dozens</u> of items utilized in trade by HB are confusingly similar and/or substantially similar to HD's distinctive and original intellectual property creations. More specifically these include, but are not limited to, (i) plagiarized language[2], (ii) the use of a proprietary logo (iii) signature design assets, (iv) quirky server apparel, and (v) menus lifted wholesale ("Thank you for bringing [HD] here and not changing the menu!!" <u>Exhibit B</u>).

**CAUSES OF ACTION**

**COUNT I: UNFAIR COMPETITION UNDER THE LANHAM ACT § 43(A)**

17.     Plaintiff repeats the allegations above as if fully set forth herein.

18.     The acts of Defendants complained of herein constitute trademark infringement, false advertising, false designation of origin and false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

19.     Defendants' acts of trademark infringement, false designation of origin, false advertising, and unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117(a).

**COUNT II: COMMON LAW UNFAIR COMPETITION**

20.     Plaintiff repeats the allegations above as if fully set forth herein.

---

[2] HB has already made numerous changes to its website in response to Plaintiff's complaints of demonstrable copying. HB's conduct evidences an apparent admission.

21.     The acts of Defendants complained of herein constitute unfair competition in violation of the common law of the State of Texas.

### COUNT III: FEDERAL TRADEMARK INFRINGEMENT

22.     Plaintiff repeats the allegations above as if fully set forth herein.

23.     The acts of Defendants complained of herein constitute infringement of Plaintiff's federally registered HOPDODDY BURGER BAR marks in violation of 15 U.S.C. § 1114(1).

24.     Defendants' acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights in the HOPDODDY BURGER BAR marks, and with intent to cause confusion and to trade on Plaintiff's vast goodwill in the HOPDODDY BURGER BAR marks. In view of the egregious nature of Defendants' infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT

25.     Plaintiff repeats the allegations above as if fully set forth herein.

26.     The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

### COUNT V: COPYRIGHT INFRINGEMENT UNDER TITLE 17

27.     Plaintiff repeats the allegations above as if fully set forth herein.

28.     Plaintiff's Hopdoddy Burger Bar Website is an authentic and original work and is copyrightable subject matter pursuant to the Copyright Act. Hopdoddy Burger Bar Website has been duly filed with the United States Copyright Office by Plaintiff.

29.     As the owner of the copyrighted work Hopdoddy Burger Bar Website, Plaintiff possesses the exclusive right to (1) reproduce the copyrighted work; (2) prepare derivative works

based upon the copyrighted work; (3) distribute copies of the copyrighted work; and (4) display or broadcast the copyrighted work. See 17 U.S.C. § 106.

30.     Defendants had access to the copyrighted work Hopdoddy Burger Bar Website prior to Defendants' manufacture and distribution of their purposeful and commissioned copy of Hopdoddy Burger Bar Website.

31.     Defendants commissioned copy of Hopdoddy Burger Bar Website was custom manufactured by Defendants and was publicly displayed and distributed by Defendants and used in interstate commerce.

32.     Defendants deliberate copy of Hopdoddy Burger Bar Website is substantially similar to Plaintiff's original work and infringes the copyright thereof.

## COUNT VI: UNJUST ENRICHMENT

33.     Plaintiff repeats the allegations above as if fully set forth herein.

34.     The acts of Defendants complained of herein constitute unjust enrichment of Defendants at the expense of Plaintiff.

## COUNT VII: DISMISSAL OF USPTO SERIAL NO. 86358109

35.     Plaintiffs repeat the allegations above as if fully set forth herein.

36.     This cause of action arises under 15 U.S.C. § 1119.

37.     In view of the validity of Plaintiffs' marks and Defendants' trademark infringement, unfair competition, trademark dilution, false advertising, and unjust enrichment, HB's pending trademark application USPTO Serial No. 86358109 should be dismissed with prejudice.

## **DAMAGES**

38.     Defendants' trademark infringement and acts of unfair competition were demonstrably willful and intentional. Plaintiff therefore seeks those damages set forth under 15 U.S.C. § 1117 including Defendants' profits, treble damages and attorney's fees.

39.     Defendants' copyright infringement was demonstrably willful and intentional. Plaintiff therefore seeks those damages set forth under 17 U.S.C. § 504(c)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

(a)     Defendants be permanently enjoined from utilizing any US trademark or other intellectual property trademark assets confusingly similar to HD's.

(b)     Defendants be permanently enjoined from utilizing any written or visual materials substantially similar to HD's copyrighted works.

(c)     That Defendants be decreed to pay statutory damages pursuant to the provisions of 15 U.S.C. § 1117 and 17 U.S.C. § 504.

(d)     That Defendants be decreed to pay the costs of this action and that reasonable attorney's fees be allowed as part of the costs pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 504.

(e)     This Court issue an Order to the USPTO dismissing Defendants' pending trademark application for Serial No. 86358109.

(e)     All such other relief as just and equitable.


DATED: March 24, 2015                    Respectfully submitted,

                                         By: _____
                                             Robert Kleinman
                                             Texas Bar No. 24055786
                                             Kleinman Law Firm, PLLC
                                             404 W. 7th Street

Austin, TX  78701
(512) 299-5329 (P)
(512) 628-3390 (F)


Deena Kalai
Texas Bar No. 24041219
Deena Kalai, PLLC
2203 E. 5th Street
Austin, TX  78702
(512) 542-9054 (P)
(512) 233-2305 (F)

**ATTORNEYS FOR PLAINTIFF**