IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HOPDODDY BURGER BAR INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 1-15-CV-233  RP |
| | § | |
| JAMES BLACKETER, ALL NATURAL | § | |
| HAMBURGERS OF TULSA #1 LLC, | § | |
| ALL NATURAL HAMBURGERS OF | § | |
| TULSA #2 LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendants James Blacketer, All Natural Hamburgers of Tulsa #1 LLC, and All Natural Hamburgers of Tulsa #2 LLC's Motion to Dismiss, filed June 26, 2015 (Clerk's Dkt. #12); and the responsive pleadings thereto, including Plaintiff's Opposed Motion for Extension to Respond to Defendants' Motion to Dismiss, filed July 2, 2015 (Clerk's Dkt. #13); and Plaintiff's Motion for Leave of Court to Conduct Limited Discovery, filed July 20, 2015 (Clerk's Dkt. #16). After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

## I. BACKGROUND

Plaintiff Hopdoddy Burger Bar Inc. ("Hopdoddy") brings this action against James Blacketer ("Blacketer"), All Natural Hamburgers of Tulsa #1 LLC ("Tulsa #1") and All Natural Hamburgers of Tulsa #2 LLC ("Tulsa #2"). Hopdoddy owns a chain of restaurants named Hopdoddy Burger Bar and possesses registered trademarks of "distinctive design decor, an idiosyncratic menu, unique trade dress, and an innovative service model" for those restaurants. (1st Am. Compl. ¶¶ 6-7).

Hopdoddy alleges Blacketer initiated contact in March 2014 via telephone and email expressing a desire to purchase a franchise. Hopdoddy states it declined to sell Blacketer a franchise. According to Hopdoddy, in April and June 2014, respectively, Blacketer "caused [Tulsa

#1 and Tulsa #2] to be formed."  Hopdoddy alleges, in August 2014, Defendants opened two restaurants in Tulsa, Oklahoma named Hop Bunz Crafted Burgers & Beers which are "self-franchised clones" of Hopdoddy Burger Bar.  (*Id*. ¶¶ 8-11).

Hopdoddy asserts, prior to opening their Tulsa restaurants, Defendants gathered on-site information at Hopdoddy Burger Bars in Austin intending to recreate those restaurants in Tulsa. Hopdoddy further asserts Defendants engaged third parties to recreate signature trade dress, design elements or copyrighted materials, for use in their Tulsa restaurants so as to "create a self-franchised facsimile" of Hopdoddy Burger Bar.  (*Id*. ¶¶ 13-15).

Plaintiff asserts claims of trademark and copyright infringement, as well as unfair competition under both the Lanham Act and common law, unjust enrichment, joint enterprise, civil conspiracy and a claim seeking to dismiss Defendant's pending trademark application for Hop Bunz Crafted Burgers & Beers.  Plaintiff seeks injunctive relief, as well as monetary damages, attorney's fees and costs.

Defendants have now moved to dismiss Plaintiff's claims against them, arguing this Court lacks personal jurisdiction over them.  Defendants also contend dismissal, or alternatively transfer of this action, is warranted because venue properly lies in Oklahoma.  Plaintiff has filed a response to Defendants' motion, but also seeks leave to propound limited discovery related to jurisdiction and an extension of time to file supplemental materials gained through that discovery in response to Defendants' motion.  As consideration of the venue issue may render the other issues moot, the Court will turn to that issue first.

## II.  VENUE

Section 1406(a) provides that a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Plaintiff

contends venue in this case is governed by the general venue statute codified in 28 U.S.C. §1391(b). Specifically, Plaintiff relies on the portion of the statute which directs venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). While Defendants do not disagree that statute applies at least in part, they also note the statute governing venue in copyright actions provides that venue lies "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). In addition, the Court notes the remaining provisions of the general venue statute on which Plaintiff relies also provides venue is proper where all defendants reside. 28 U.S.C. § 1391(b)(1).

Plaintiff contends that a substantial part of the events or omissions giving rise to the claim occurred in Texas. In support of that contention, Plaintiff points to phone and email communications from Blacketer to Plaintiff in March 2014 seeking to obtain a Hopdoddy Burger Bar franchise. (1st Am. Compl. ¶¶ 8-9 & Ex. B). Plaintiff additionally points to an affidavit from its President and CEO who states Blacketer admitted he has visited at least one of Plaintiff's restaurants in Texas. (*Id*. Ex. A). In sum, Plaintiff contends the conduct of Blacketer, and specifically his entry into Texas to gather information concerning Plaintiff's business, gave rise to its claims.

Plaintiff's argument misses the mark for two reasons. First, at best, only some part of the events giving rise to the claims at issue in this lawsuit occurred in Texas. Notably, Plaintiff does not cite to any conduct on the part of any defendant other than Blacketer. And the conduct Plaintiff cites appears to consist of a single visit to one restaurant. However, the statute on which Plaintiff relies looks to where a "substantial part" of the events giving rise to the action occurred.

Second, the gravamen of Plaintiff's complaint is that Defendants' restaurants infringe on Plaintiff's trademarks and design. Courts uniformly agree the proper venue for a trademark infringement case lies where the infringing activity, or the "passing off" occurred. *See, e.g., Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994) (focus of venue inquiry

in Lanham Act trademark infringement case is location where unauthorized passing off takes place); *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) (place where the alleged passing off occurred "provides an obviously correct venue"); *Tefal, S.A. v. Prods. Int'l Co.*, 529 F.2d 495, 496 n.1 (3d Cir. 1976) ("cause of action for trademark infringement arises where the passing off occurs"); *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1184 (N.D. Cal. 2014) (in trademark infringement action, substantial part of events occurs "where the labels are affixed and where confusion of purchasers is likely to occur"); *Mrs. U.S. Nat'l Pageant, Inc. v. Miss U.S. Org., LLC*, 875 F. Supp. 2d 211, 226 (W.D.N.Y. 2012) (venue is proper in trademark infringement case "in each jurisdiction where infringement is properly alleged to have occurred"); *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1128 (C.D. Cal. 2009) (in trademark suit brought under Lanham Act, "substantial part" of the events giving rise to the claims occurs "where consumers are likely to be confused by the accused goods"); *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1286 (D. Ariz. 2009) (same); *Sykes Lab., Inc. v. Kalvin*, 610 F. Supp. 849, 860 n.8 (C.D. Cal. 1985) (confusion of customers occurs where passing off occurs, that is, "where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's").

In this case it is undisputed that the allegedly infringing restaurant operations are located in Tulsa, Oklahoma. The "passing off" and consequent deception of consumers thus occurs there. In addition, Plaintiff concedes all the defendants reside in Oklahoma. Under Section 1406(a) this court may transfer an action to "any district or division in which it could have been brought." This action could have been brought in the Northern District of Oklahoma, given both Tulsa #1 and Tulsa #2 reside in that district and that it is where the events giving rise to the claims occurred. 28 U.S.C. § 1391(b). Accordingly, the Court concludes this action should be transferred to the Northern District of Oklahoma.

## III.  CONCLUSION

The Court hereby **GRANTS IN PART** Defendants James Blacketer, All Natural Hamburgers of Tulsa #1 LLC, and All Natural Hamburgers of Tulsa #2 LLC's Motion to Dismiss (Clerk's Dkt. #12) and **TRANSFERS** this action to the United States District Court for the Northern District of Oklahoma, and **DENIES** all other requested relief.  The Court further **DISMISSES AS MOOT** Plaintiff's Opposed Motion for Extension to Respond to Defendants' Motion to Dismiss (Clerk's Dkt. #13) and Plaintiff's Motion for Leave of Court to Conduct Limited Discovery (Clerk's Dkt. #16).

**SIGNED** on July 31, 2015.

*[signature]*

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE